## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, | § § § § | |
| *Plaintiff*, | § § | |
| | § | Civil Action No. _____ |
| v. | § § | |
| ROBIN ARK GROUP, LLC, BRENTNEY PARKS, and LIVE FACE ON WEB, LLC | § § § § | |
| *Defendants.* | § | |

## COMPLAINT

Plaintiff Mesa Underwriters Specialty Insurance Company, ("MUSIC"), by and through its undersigned counsel, and for this, its Complaint, shows the following:

### NATURE OF THE ACTION

1.     This suit seeks a declaratory judgment that MUSIC has no obligation to defend or indemnify Robin Ark Group, LLC or Brentney Parks against allegations brought by defendant Live Face on Web, LLC ("LFOW") in the lawsuit styled *Live Face on Web, LLC, v. The Robin Ark Group, LLC and Brentney R. Parks, Individually and d/b/a Anillo Staffing*, No. 3:15-cv-02234-L, in the United States District Court for the Northern District of Texas, Dallas Division (the "underlying lawsuit").

2.     There is a justiciable controversy between MUSIC and Defendants as to whether the general liability insurance policy issued by MUSIC to Robin Ark provides coverage for the claims asserted by LFOW in the underlying lawsuit.

## PARTIES

3.      MUSIC is a citizen of the state of New Jersey, being an insurance company formed in New Jersey and having its principal place of business at 40 Wantage Ave., Branchville, New Jersey 07890. MUSIC is authorized to write insurance policies in Texas as a surplus lines carrier.

4.      Robin Ark Group, LLC is a citizen of the state of Texas, being a limited liability company formed in Texas and having its principal place of business at 1825 W. Walnut Hill Ln., Suite 120, Irving, Texas 75038.

5.      Brentney Parks is a citizen of the state of Texas, being a resident of the state of Texas and domiciling at 2712 Maple Creek Drive, Fort Worth, Texas 76177.

6.      LFOW is a citizen of the commonwealth of Pennsylvania, being a limited liability company formed in Pennsylvania and having its principal place of business at 1300 Industrial Blvd., Suite 212, Southampton, Pennsylvania 18966.

## JURISDICTION AND VENUE

7.      This is an action for declaratory judgment relief pursuant to 28 U.S.C. § 2201 *et seq*.

8.      This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(1) because the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000, exclusive of costs and interest.

9.      Defendant LFOW has subjected itself to the jurisdiction of the courts of Texas by availing itself of the benefits and protections of Texas through repeated use of Texas courts, including the underlying lawsuit. The exercise of jurisdiction over LFOW does not offend the traditional notions of fair play and substantial justice.

10.     Venue is appropriate under 28 U.S.C. § 1391(b)(2) because a substantial part of the events that gave rise to this claim occurred in this district. Specifically, Parks resides in this district and the policies were issued to Robin Ark Group, LLC in this district.

## THE UNDERLYING LAWSUIT

11.     LFOW's underlying suit is an action brought against Robin Ark Group, LLC and Parks (collectively "Robin Ark") under 17 U.S.C. § 501 *et seq*. for alleged copyright infringement.

12.     LFOW claims to have developed computer code (the "video-playing code") that causes an online visitor's computer to "display a video of a 'walking' and 'talking' personal host who introduces a website." According to the complaint, "the web spokesperson explains a company's products and/or services and directs a visitor's attention to a particular product or aspect of the website."

13.     For the video-playing code to work, "[a]n HMTL script tag is embedded in the HTML code of the LFOW customer's website" and the script tag "links the LFOW customer's website to a copy of the" video-playing code.

14.     According to LFOW's complaint, LFOW owns the copyright to the video-playing code, which it allegedly sells and markets to various customers for a licensing fee.

15.     Users of the video-playing code are allegedly governed by an end user license agreement (EULA).

16.     LFOW claims that any person who visits its website or a customer's website can download and view the video-playing code. Specifically, LFOW alleges that "Because the LFOW Software is written in JavaScript, it is possible to view the actual source code of the LFOW Software through a web browser. Anyone who accesses a website that has implemented the LFOW Software has access to the software."

17.     The complaint alleges that Robin Ark, or a person acting on its behalf, intentionally copied and downloaded the video-playing code onto the web server of Robin Ark's website, www.situationsthegame.com, without paying the requisite license fee.

18.     According to the complaint, Robin Ark's version of the allegedly infringing code is used "in [Robin Ark's] advertising," although the code merely causes Robin Ark's video, which is not alleged to be property of LFOW, to play.

19.     The video-playing does not appear in the HTML code that comprises Robin Ark's website. It is only linked to the website by an HTML script tag.

20.     LFOW does not claim to own the copyright to the video that plays once the video-playing code is triggered by the HTML script tag.

21.     LFOW alleges that the mechanisms by which the video-playing code is stored and displayed to visitors results in a new distribution of the code to each visitor, whose computer downloads and stores the code in its browser cache.

22.     Specifically, LFOW alleges that "[a]s a result of the modification to the Defendants' website referenced above, when a web browser retrieves a page from the Defendants' website," a copy of the video-playing code "is distributed by Defendants' to the website visitor and stored on the visitor's computer in cache, memory and/or its hard drive."

23.     The complaint alleges that Robin Ark intended to distribute a copy of the video-playing code "to website visitors in [its] advertising, as this is necessary for the video spokesperson to appear on the screen of the website visitor."

24.     According to the complaint, "Defendants profit directly from and have a direct financial interest in the infringement" as the video-playing code "allows Defendants to more effectively promote and sell their products and/or services."

25.     LFOW also alleges the Robin Ark continued the infringement while aware it was occurring, which constitutes volitional conduct and willful infringement, and that Robin Ark "actively induced end users to visit [its] website(s)," which resulted in numerous distributions of the video-playing code.

26.     Intentional copyright infringement as alleged by LFOW constitutes criminal conduct under 17 U.S.C. § 506(a)(1) and is punishable under 18 U.S.C. § 2319.

27.     LFOW seeks an injunction to prevent Robin Ark from further alleged infringement, either actual or statutory damages under 17 U.S.C. § 504, costs, and attorney fees.

28.     None of the claims raised in the underlying suit are covered by the MUSIC policy.

## APPLYING THE MUSIC POLICIES TO THE FACTS ALLEGED

29.     MUSIC issued Robin Ark four policies that provide coverage for the following time periods[1]:

| Policy Number | Corresponding Policy Periods |
|---|---|
| MP0042002000541 | 10/02/2011 to 10/02/2012 |
| MP0042002000824 | 10/02/2012 to 10/02/2013 |
| MP0042002001199 | 10/02/2013 to 10/02/2014 |
| *Gap in coverage* | *10/02/2014 to 08/20/2015* |
| MP0042002002181 | 08/20/2015 to 08/20/2016 |

30.     The Court will note the gap in coverage from October 2, 2014 to August 20, 2015.

31.     All policies have $1,000,000 per-occurrence and personal and advertising injury limits with a $2,000,000 aggregate limit.

32.     The policies provide coverage for two categories of damages, Damages because of "bodily injury" or "property damage" under Coverage A, and coverage for "personal and advertising" injury under Coverage B.

---

[1] The initial policy was issued by Montpelier US Insurance Company, an iteration of MUSIC.

33.    None of the claims asserted in the underlying lawsuit even arguably allege "bodily injury" or "property damage" as defined by the policy, and even if there were "bodily injury" or "property damage," the damages are "expected or intended" and therefore excluded.

34.    The policies provide "personal and advertising injury" coverage under Coverage B. The policy states, in pertinent part:

COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

    1.    Insuring Agreement

        a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion investigate any offense and settle any claim or "suit" that may result.

\* \* \*

            No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments—Coverages A and B.

        b.    This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

35.    The offense alleged fell within the coverage gap described above. LFOW filed suit against Robin Ark on July 6, 2015. Therefore, policy number MP0042002002181 does not provide any coverage for this claim, as the alleged offense occurred before this policy incepted on August 20, 2015. Furthermore, the previous policy MUSIC issued to Robin Ark, number MP0042002001199, expired on October 2, 2014. Thus, the alleged offense is not covered because it occurred outside the effective dates of any policies issued to Robin Ark by MUSIC.

36.     Based on the policy's clear and unambiguous language and the facts alleged in the underlying suit, Robin Ark's alleged behavior does not constitute "personal and advertising injury" because its alleged infringement of the video-playing code did not occur in Robin Ark's "advertisement," as defined by the policy.

37.     In any case, the policies contain several exclusions that preclude coverage under Coverage B:

> 2.      Exclusions
>
> This insurance does not apply to:
>
> > a.      Knowing Violation of Rights of Another
> >
> > > "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

38.     LFOW alleges that Robin Ark infringed on the copyright with knowledge of the infringement and its effects; therefore, the Knowing Violation of Rights of Another Exclusion bars coverage.

39.     The policies also exclude criminal acts:

> d. Criminal Acts
>
> > "Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

40.     The underlying complaint alleges that Robin Ask willfully infringed on LFOW's copyright for the purpose of commercial advantage or financial gain, which is a criminal offense under 17 U.S.C. § 506(a)(1) and punishable under 18 U.S.C. § 2319. The Criminal Acts exclusion bars coverage.

41.     The policies also exclude damages arising out of breach of a contract:

> f. Breach Of Contract

> "Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

42.     The underlying complaint alleges that users of the LFOW video-playing code are subject to the EULA, which is a contract. Therefore, the Breach of Contract exclusion negates coverage.

43.     There is an exclusion that excludes coverage for copyright infringement:

> i. Infringement Of Copyright, Patent, Trademark Or Trade Secret
>
> "Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement". However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

44.     The Infringement Of Copyright, Patent, Trademark Or Trade Secret also excludes coverage for LFOW's claims.

45.     For the foregoing reasons, MUSIC has no duty to defend Robin Ark under the policy and is entitled to a judicial declaration to that effect.

46.     The same reasons that negate the duty to defend negate any possibility that MUSIC will have a duty to indemnify Robin Ark, and MUSIC is entitled to a judicial declaration to that effect.

## RESERVATION OF RIGHT TO AMEND

47.     MUSIC reserves the right to amend this Complaint as necessary to add additional claims that may be made against Defendants.

## RELIEF SOUGHT

48.     MUSIC seeks a declaration that it has no duty to defend Robin Ark in the underlying lawsuit and a declaration that MUSIC has no duty to indemnify Robin Ark for any liability assessed.

**WHEREFORE**, MUSIC prays for such relief and any other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

*/s/ John C. Tollefson* _____
John C. Tollefson
State Bar No. 20109400
johnt@tbmmlaw.com
Stephen A. Melendi
State Bar. No. 24041468
stephenm@tbmmlaw.com
Matthew Rigney
State Bar No. 24068636
mattr@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone:     214-665-0100
Facsimile:      214-665-0199
**ATTORNEY FOR PLAINTIFF
MESA UNDERWRITERS SPECIALTY
INSURANCE COMPANY**